_____



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: February 28, 2023**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| CHARLOTTE DEAN DAVIS AND PATRICK K. DAVIS, | CASE NO. 21-01647-JAW |
| DEBTORS. | CHAPTER 13 |
| CHARLOTTE DEAN DAVIS AND PATRICK K. DAVIS | PLAINTIFFS |
| VS. | ADV. PROC. 23-00003-JAW |
| ITAVIUS BURKS; ALISON CRAPPS, SCOTT COUNTY TAX ASSESSOR; BETTY ODOM, JUSTICE COURT CLERK; MISSISSIPPI DEPARTMENT OF REVENUE | DEFENDANTS |

### ORDER SETTING ASIDE JUSTICE COURT'S EVICTION ORDER

This matter came before the Court for a hearing on February 28, 2023 (the "Hearing"), on the request of the debtors, Charlotte Dean Davis and Patrick K. Davis ("Debtors"), to set aside an order issued by the Justice Court of Scott County, Mississippi (the "Justice Court") evicting them from their mobile home (the "Eviction Order") (Ex. A). The Debtors requested the relief on an emergency basis in the Complaint to Set Aside Tax Sale and for Expected Hearing (the "Complaint") (Adv. Dkt. #1) filed in the above-referenced adversary proceeding (the "Adversary"). At the Hearing, Thomas C. Rollins, Jr. represented the Debtors.

**Jurisdiction**

The Court finds that it has jurisdiction over the parties to and subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Notice of the Hearing was proper under the circumstances.

**Facts**[1]

The Debtors commenced the above-referenced bankruptcy case by filing a chapter 13 petition for relief on October 4, 2021. (Case No. 21-01647-JAW, Dkt. #1). The Debtors live in a mobile home located in Scott County, Morton, Mississippi. They valued the mobile home in their bankruptcy schedules at $20,000.00. (Case No. 21-01647-JAW, Dkt. #4 at 3).

While the bankruptcy case was pending, the 2021 ad valorem tax on the mobile home became due. The Debtors mailed a check to the Scott County Tax Assessor/Tax Collector in the amount of $95.00, but the check was apparently lost in the mail. Notwithstanding the Debtors' active bankruptcy case, the Scott County Tax Assessor/Tax Collector conducted a tax sale on October 31, 2022, and Itavius Burks ("Burks") purchased the mobile home. Burks thereafter filed a complaint in Justice Court to evict the Debtors from their home.

After a hearing, the Justice Court entered the Eviction Order requiring the Debtors to vacate the mobile home by 5:00 p.m. on February 6, 2023 (Ex. A). The Debtors allegedly informed the Justice Court of the pending Bankruptcy Case, but the Justice Court nevertheless proceeded with entering the Eviction Order.

The Debtors filed the Complaint initiating the Adversary on February 13, 2023. The next day, they served a copy of the Complaint, and the Summons and Notice of Hearing in an Adversary Proceeding (Adv. Dkt. #4) on Burks; Alison Crapps, Scott County Tax Assessor; Betty Odom,

---

[1] The Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Justice Court Clerk; and the Mississippi Department of Revenue. (Adv. Dkt. #4). In the Complaint, the Debtors maintain that the tax sale is void and in violation of the automatic stay under 11 U.S.C. § 362(a)(3). They also allege that the tax sale was not properly noticed under Mississippi law. They ask the Court to set aside both the tax sale and the Eviction Order.

As to their request for emergency relief, the Debtors ask the Court only to set aside the Eviction Order so that they may remain in the mobile home without fear of forced eviction. They do not ask the Court to set aside the tax sale at this time and indicated that they would pursue that specific relief later in the pending Adversary. No response was filed, and no one other than the Debtors and their counsel appeared at the Hearing.

## Discussion

The property of a debtor's estate, wherever located, is protected by a stay that goes into effect automatically upon the filing of a bankruptcy petition pursuant to 11 U.S.C. § 362(a). The automatic stay prohibits creditors from taking "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" outside the procedures of the bankruptcy forum. 11 U.S.C. § 362(a)(3). The stay is among the most fundamental protections afforded debtors under the Bankruptcy Code. *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 353 (5th Cir. 2008). In this jurisdiction, "actions taken in violation of the automatic stay are not void, but rather they are merely voidable, because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)." *Jones v. Garcia (In re Jones)*, 63 F.3d 411, 412 (5th Cir. 1995).

There is no dispute that the mobile home is property of the bankruptcy estate, that Burks initiated the eviction proceedings during the pending bankruptcy case in an attempt to obtain possession of the mobile home, and that relief from the automatic stay was not granted to Burks to allow

the eviction to occur. The Court, therefore, finds that the Eviction Order is voidable as a violation of the stay. The Court further finds that because there is an absence of any equitable circumstances in the case at bar, the Eviction Order is void *ab initio* and due to be set aside as having no further legal effect. This result is consistent with decisions holding that tax sales for delinquent ad valorem tases are "void if the automatic stay is not lifted before the sale occurs." *Key v. Cannon (In re Key)*, 276 B.R. 452, 455 (Bankr. N.D. Miss. 2000); *see also Franklin Credit Management Corp. v. Woods (In re Woods)*, Adv. Proc. 10-00016-EE (Bankr. S.D. Miss. July 15, 2011), Dkt. #72.

## Conclusion

For the reasons discussed above, the Court finds that the emergency relief requested by the Debtors should be granted.

IT IS, THEREFORE, ORDERED that the Eviction Order is hereby set aside as void *ab initio* and that the automatic stay remains in effect.

##END OF ORDER##